IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )            Case No. 07-10180-01-WEB
                                     )                     11-1047-WEB
RICHARD HAGAN,                       )
                                     )
                    Defendant.       )
_____    )

MEMORANDUM AND ORDER

Defendant Richard Hagan filed a motion titled "Petition! Challenge to Subject Matter

Jurisdiction."  Doc. 405.  The motion requests relief in the form of "VACATUR of any and all

Court Judgments rendered in relation to this instant matter for lack of Subject-matter

Jurisdiction, ab initio."  It appears the defendant alleges the court does not have subject matter

jurisdiction, and thus his conviction is void.  The defendant cites to Federal Rule Civil Procedure

12(b)(1), dismissal based on lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 1 provides that the Federal Rules of Civil Procedure

govern "all civil actions" in federal court.  Fed.R.Civ.P. 1.  Federal Rule Criminal Procedure 1

provides that the Federal Rules of Criminal Procedure "govern the procedure in all criminal

proceedings in the United States district courts."  Thus, a motion to dismiss under Fed.R.Civ.P.

12(b)(1) is not available to the defendant, as this is a criminal case, not a civil case.

Since the defendant is requesting the court vacate, set aside, or correct his conviction, it

is appropriate that the motion be recharacterized as a motion pursuant to 28 U.S.C. § 2255.  The

Supreme Court has found that when a district court recharacterizes or labels a pro se litigant's

motion as a section 2255 motion, the district court must notify the litigant that "it intends to

1

recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that is contains all the § 2255 claims he believes he has."  <u>Castro v. U.S.</u>, 540 U.S. 375, 383 (2003).  Therefore, this Memorandum and Order places the defendant on notice that his motion will be recharacterized.  Defendant may withdraw or amend the motion.  If the defendant does not withdraw the motion, the defendant shall include any and all section 2255 claims in his filings. The defendant is also warned that the recharacterization of this motion subjects him to the filing restriction on second or successive 2255 motions.  <u>Id.</u>  If the defendant did not intend the motion to be construed as a section 2255 motion, the defendant is ordered to provide this court with the rule, law, or statute under which the motion is filed.  Following a final judgment, the district court is without jurisdiction to address subsequent motions except in limited circumstances.  See Fed.R.Crim.P. 35, Fed.R.Crim.P. 36, 28 U.S.C. § 2255, 28 U.S.C. § 2241, 18 U.S.C. § 3582.

The rules governing the filing of a section 2255 motion requires that the motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  Rule 2(b)(5) of Rules Governing Section 2255 Proceedings; 28 U.S.C. § 2242.  A review of the motion filed by defendant shows that the motion was not signed under penalty of perjury.  For this court to consider a motion pursuant to section 2255, the defendant must swear or affirm to the motion.

The defendant has also requested the exhibits be filed under seal.  A review of the exhibits does not disclose any identifying information, personal information, or prejudicial information.  The court notes the defendant sent a copy of the exhibits to the United States

Attorneys Office. The defendant did not follow the proper procedure for filing an exhibit under seal, therefore his request to seal the exhibits attached to his motion is denied. D.Kan. Rule 5.4.6.

Finally, a motion to vacate pursuant to 28 U.S.C. § 2255 must be filed within the one year statute of limitations. 28 U.S.C. 2255(f). In the case at hand, the statute of limitations runs from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Judgment was entered on November 23, 2009. Defendant did not file a direct appeal. If a defendant does not pursue a timely direct appeal, the conviction and sentence becomes final on the date on which the time for filing such an appeal expires. United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000). At the time of the defendant's conviction, the rules allowed 10 days following the entry of judgment to file a notice of appeal. Fed.R.App.P. 4(b)(1). The motion and the corresponding exhibits were received on February 17, 2011. The postmark on the filings received by the Clerks' Office was February 2, 2011. Obviously, the defendant's motion is out of time. A review of the motion does not show any stated reasons why the statute of limitations should be tolled. Defendant must supplement the motion with facts that would warrant equitable tolling of the statute of limitations.

IT IS THEREFORE ORDERED that the defendant's request to file the exhibits under seal is DENIED.

IT IS FURTHER ORDERED the defendant is granted until March 21, 2011 to supplement his motion as set forth in this Memorandum and Order. If defendant wishes the court to construe the motion pursuant to section 2255, the defendant should submit to the court a motion signed under the penalty of perjury, include all possible claims, and shall provide the

court with facts that would warrant equitable tolling of the statute of limitations.

IT IS SO ORDERED this 18th day of February, 2011.


___s/ Wesley E. Brown_____
Wesley E. Brown
Senior United States District Court Judge