IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
 )
       Plaintiff, )
 )
v. )   Case No. 07-10180-01-WEB
 )   11-1047
RICHARD HAGAN, )
 )
       Defendant. )

MEMORANDUM AND ORDER

This matter comes before the court on defendant Richard Hagan's Motion to Challenge Subject Matter Jurisdiction. (Doc. 405). For the reasons set forth below, Hagan's motion is denied.

Hagan was charged in numerous counts in a Third Superceding Indictment. He entered into a plea agreement with the Government, in which he pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371 and 1343; and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. Pursuant to Rule 11(c)(1)(C), the parties agreed to a sentence of 60 months imprisonment on count 1, and 68 months imprisonment on count 63, to run concurrently. The court accepted the plea agreement, and sentenced Hagan to 68 months imprisonment. Hagan did not file a direct appeal.

On February 17, 2011, Hagan filed a motion titled, "Petition! Challenge to Subject Matter Jurisdiction." (Doc. 405). The motion requests relief in the form of "VACATUR of any and all Court Judgments rendered in relation to this instant matter for lack of Subject-matter Jurisdiction, ab initio." The court determined Hagan was attempting to allege that the court did not have subject matter jurisdiction, and thus his conviction was void. The court determined that

1

relief under Federal Rule Civil Procedure 12(b) was unavailable to Hagan, as this was a criminal case, and not a civil case. The court determined that since Hagan was requesting the court vacate, set aside, or correct his conviction, the motion should be recharacterized as a motion pursuant to 28 U.S.C. § 2255. Hagan was given additional time to supplement his motion with any and all additional claims under Section 2255, or in the alternative, if he did not want the motion recharacterized as a motion under Section 2255, to provide the court with the rule, law, or statute under which the motion is filed. Hagan was also instructed to swear or affirm to the motion, as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Finally, the court warned Hagan that the motion, if it was considered pursuant to 28 U.S.C. § 2255, was outside the one year statute of limitations. Hagan was instructed to supplement the motion with sufficient facts that would warrant equitable tolling of the statute of limitations.

Hagan filed a response, titled "Defendant's Renewed Petition and Challenge to Subject Matter Jurisdiction on this Court's Misperception of Controlling Law and Precedent." In the response, Hagan again challenges the subject matter of the original complaint under Fed.R.Civ.P. 12(b)(1), and challenges the court's recharacterization of the motion under section 2255.

A defendant may file a motion to challenge the court's jurisdiction, but normally the motion is made before trial. See Fed.R.Crim.Pro. 12(b)(3)(B). The Tenth Circuit has held that the district court can consider a motion challenging the court's jurisdiction under Fed.R.Crim.Pro. 12(b)(3(B) post-conviction. See <u>United States v. Valadez-Camarena</u>, 402 F.3d 1259 (10th Cir. 2005). However, pursuant to Rule 12, the challenge must be made "while the case is pending." Fed.R.Crim.Pro. 12(b)(3)(B). Hagan's case is no longer pending, since

2

judgment was entered, and the time for appeal has expired. Therefore, any motion pursuant to Fed.R.Crim.Pro. 12(b)(3) is untimely.

A defendant may only challenge the validity of a conviction under § 2255. Bradshaw v. Storey, 86 F.3d 164, 166 (10th Cir. 1996). Hagan argues that the district court did not have subject matter jurisdiction over him. In the absence of jurisdiction, the validity of the conviction and sentence handed down by the district court are clearly questioned, therefore, relief is only available pursuant to Section 2255. See Rosborough v. United States, 352 Fed.Appx. 238, 240 (10th Cir. Sept. 30, 2009) *cert. denied*, 130 S.Ct. 1926, 176 L.Ed.2d 395 (March 22, 2010).

Section 2255 provides the sole remedy for Hagan to test the validity of his conviction. However, Hagan has not provided the requested information. Hagan was instructed to supplement his motion with all facts and claims for the court to proceed with a ruling on the motion. Hagan did not provide any facts, and has only restated hard to follow ramblings, that the court was without subject matter jurisdiction. Further, Hagan was instructed to sign the motion under penalty of perjury. Hagan has not done so. Finally, the statute of limitations for a motion pursuant to Section 2255 is out of time, and Hagan has not set forth any facts to warrant equitable tolling of the statute of limitations.

IT IS THEREFORE ORDERED, for the reasons set forth above, that Hagan's Motion to Challenge Subject Matter Jurisdiction (Doc. 405) be denied.

IT IS SO ORDERED on this 13th day of May, 2011.

    s/ Wesley E. Brown  
    Wesley E. Brown  
    Senior United States District Court Judge